

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 2, 1962

Honorable F. T. Graham
Criminal District Attorney
Cameron County
Brownsville, Texas

Opinion No. WW-1253

Re: Whether under the
alleged facts a
Justice of the Peace
for Cameron County
"announced his can-
didacy" within the
meaning of Section
65 of Article XVI of
the Texas Constitution
and related questions.

Dear Mr. Graham:

In your letter requesting an opinion from this
office you allege certain facts which we summarize as
follows:

Mr. D. J. Lerma was elected Justice of the Peace
on July 26, 1958, for a four year term beginning January
1, 1959, and expiring December 31, 1962. On December 11,
1961, he issued a press release, pertaining to his political
aspirations, to the <u>Brownsville Herald.</u> Pursuant to this
press release, Mr. Lerma was quoted in the <u>Brownsville Herald</u>
on December 11, 1961, as follows:

"It is my desire--and I have been
urged by my friends--to seek the elective
post of County Court At Law Judge,' said
Lerma. 'With the election set for May 5,
only four months away, <u>I find it necessary</u>
<u>to announce at this time that I will be a</u>
<u>candidate for the position of County Court</u>
<u>at Law Judge.</u>" (Emphasis added)

Mr. Bill Rudd, Managing Editor of the Brownsville
Herald, states that Mr. Lerma was accurately quoted in
that the statements were taken directly from the written
"release" Mr. Lerma submitted to the Herald's news office.
Subsequently on January 25, 1962, Mr. Lerma filed his
application with the Chairman of the County Democratic
Executive Committee for the office of Judge of the County
Court at Law.

With regard to the foregoing circumstances, you
ask three questions which are substantially as follows:

1. Whether Mr. Lerma "announced his candidacy" within the meaning of Section 65 of Article XVI of the Texas Constitution by causing a "press release" to be printed in the Brownsville Herald on December 11, 1961, and thereby automatically constituting a resignation from his office of Justice of the Peace.

2. If such action constituted an automatic resignation and a vacancy exists, does Mr. Lerma continue to hold office until a successor has been appointed and qualified?

3. Assuming the answer to the first question is in the affirmative and a vacancy presently exists in the office of Justice of the Peace, would the Commissioners Court be authorized to appoint Mr. Lerma to fill such vacancy?

The answer to the first question is resolved by an amendment to Section 65 of Article XVI of the Texas Constitution which was proposed by the Legislature in 1957 and adopted in 1958. This amendment, forbids certain named officials including Justices of the Peace from announcing or becoming a candidate in General, Special or Primary elections for any office of profit or trust at any time when the unexpired term exceeds one year. Such announcement or candidacy constitutes an automatic resignation of the office then held. That portion of Section 65 most pertinent to our discussion reads as follows:

> "Provided, however if any of the officers named herein shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled." (Emphasis added)

After applying the alleged facts in this case to the plain and unambiguous wording of the provision quoted above, it is our opinion that Mr. Lerma "announced

Honorable F. T. Graham, page 3 (WW-1253)

his candidacy" within the meaning of the constitutional provision on December 11, 1961, the date the newspaper article in question appeared in the <u>Brownsville Herald</u>. By the operation of the provision, such announcement constituted an automatic resignation of the office of Justice of the Peace.

The answer to your second question is resolved by Section 17 of Article XVI of the Texas Constitution. This provision reads as follows:

"All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."

"This provision, that officers shall hold over after the expiration of their terms until their successors are elected or appointed and have qualified was placed in the Constitution to prevent public convenience from suffering because of a vacancy in office, and to insure against vacancies in office except in classes of cases or for causes provided for in other sections of the Constitution." "Interpretive Commentary, Section 17, Article XVI, Vernon's Annotated Texas Constitution).

It is now an accepted proposition of law that this section is mandatory; and an officer whose resignation has been effected but whose successor has not been appointed retains the position as a "de jure" officer. <u>Keen v. Featherstom</u>, 69 S.W. 983 (Civ. App. 1902); <u>Plains Common Consolidated School District No. 1 of Yoakum v. Hayhurst</u>, 122 S.W.2d 322 (Civ.App. 1938); <u>Jones v. City of Jefferson</u>, 66 Tex. 516, 1 S.W. 903 (1886); Attorney General's Opinion O-761 (1939); Attorney General's Opinion O-855 (1939); and Attorney General's Opinion V-760 (1949).

On the basis of these authorities, it is our opinion that Mr. Lerma has served as a de jure Justice of the Peace since December 11, 1961, and continues to serve as a de jure Justice of the Peace until the County Commissioners Court, by the authority of Section 28 of Article V of the Texas Constitution, appoints someone to fill the vacancy and that person has been duly qualified.

The third question must be answered in the negative. Attorney General's Opinion No. WW-788 (1960) held that an officer listed in Section 65 of Article XVI

of the Texas Constitution, who voluntarily resigns his office to become a candidate for another office or who automatically resigns his office by becoming a candidate for another office as provided in Section 65 of Article XVI, is not eligible during such candidacy, for appointment to fill the vacancy created by his resignation where there is more than one year remaining in the unexpired term of the office from which he resigns. This opinion reasoned that, if an officer who is running for another office in the middle of his term was permitted to be reinstated in the office by appointment after his resignation, it would defeat the primary purpose of the amendment, the purpose being to discourage office seeking until the unexpired term of the office holder did not exceed one year.

However, this opinion was limited to eligibility for appointment where there is more than one year remaining in the unexpired term of the resigning officer. It did not rule on whether an officer would be eligible for appointment if the unexpired term was less than one year when the appointment was made.

Mr. Lerma's appointment, under the facts here submitted would in effect permit the very thing the 1958 amendment was intended to prevent. We are of the opinion that the resigning officer may not be appointed to succeed himself while he is a candidate for the other office.

## S U M M A R Y

Under the facts submitted, Mr. D. J. Lerma, Justice of the Peace for Cameron County, automatically resigned his office on December 11, 1961, by the operation of Section 65 of Article XVI of the Texas Constitution. Mr. Lerma continues to serve as the de jure Justice of the Peace for his precinct until the Commissioners Court has appointed his successor and that appointee has been duly qualified. Mr. Lerma's appointment, under the facts here submitted would in effect permit the very thing the 1958 amendment was intended to prevent. We are of the opinion that the resigning officer may not be appointed to succeed himself while he is a candidate for the other office.

Honorable F. T. Graham, page 5 (WW-1253)

Yours very truly,

WILL WILSON
Attorney General of Texas

IRW:lh:mkh

By I. Raymond Williams, Jr.
Assistant

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Bob Shannon
Mary Kate Wall
Leon Pesek
Jack Price

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.